JS 44 **(Rev. 06/17)**   District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jonathan Esparsen, Individually and on Behalf of All Others Simiarly Situated

## DEFENDANTS
Ridley's Family Markets, Inc.

**(b)** County of Residence of First Listed Plaintiff   Eagle County, CO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JTB Law Group LLC
155 2nd Street, Suite 4, Jersey City, NJ 07302
877-561-0000

Attorneys *(If Known)*
Snell & Wilmer LLP
15 W. South Temple, Suite 1200, Salt Lake City, UT 84101
801-257-1904

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)* and One Box for Defendant)
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for Nature of Suite Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☒ 4. Reinstated or Reopened
☐ 5. Transferred from another district *(specify)*
☐ 6. Multidistrict Litigation
☐ 8. Multidistrict Litigation – Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 201 et seq.

Brief description of cause:   AP Docket ☐
Defendant employer failed to pay overtime wages to Plaintiff and others.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY *(See instructions)*:
JUDGE
DOCKET NUMBER

DATE   6/21/18

SIGNATURE OF ATTORNEY OF RECORD   /s/ Benjamin Lin

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No.

**JONATHAN ESPARSEN, Individually and on Behalf of All Others Similarly Situated,**

PlaintiffS,

v.

**RIDLEY'S FAMILY MARKETS, INC.**

Defendant.

## COLLECTIVE ACTION COMPLAINT WITH JURY TRIAL DEMANDED

Plaintiff, **JONATHAN ESPARSEN** (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, **JTB LAW GROUP LLC**, hereby brings this Collective Action Complaint against Defendant, **RIDLEY'S FAMILY MARKETS, INC.** (hereinafter referred to as "Defendant"), alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1.      Plaintiff brings this action, individually and as a collective action on behalf of all others similarly situated, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq.*

2.      Plaintiff also brings this action to recover unpaid overtime wages, penalties, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

3.  Defendant operates multiple retail grocery stores in states including Colorado, Idaho, and Utah.

4.  Defendant improperly classified its "Assistant Managers" as salary-exempt employees, paying them a fixed salary regardless of how many hours they worked.

5.  As Assistant Managers, Plaintiff and the putative FLSA collective members performed primary job duties that do not fall within any exemptions from overtime wages under the FLSA or Colorado law

6.  The FLSA requires non-exempt employees to be compensated for overtime work at the mandated overtime wage at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

7.  Defendant failed to pay Plaintiff and the putative FLSA collective members the statutorily required overtime compensation.

8.  Plaintiff asserts the FLSA claims not only individually, but also on behalf of a putative FLSA collective, defined as:

> *All individuals employed by Defendant as Assistant Managers at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

9.  Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all Assistant Managers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

## JURISDICTION AND VENUE

10.  This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

11.  The Court has personal jurisdiction over Defendant because Defendant (a) is a

resident of, and/or licensed to transact and does transact business in, this District; and (b) has carried out its wrongful conduct in this District.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because Defendant employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

A.     **Defendant**

13.     Defendant is a corporation with its principal place of business located at 621 Washington Street, South Twin Falls, ID 83301.

14.     Defendant operates multiple retail grocery stores in states including Colorado.

B.     **Plaintiff**

15.     Plaintiff Jonathan Esparsen is a resident of Eagle County, Colorado.

16.     Plaintiff was employed by Defendant from approximately November 2017 to March 2018. At the end of his employment, Plaintiff was an Assistant Manager.

17.     Plaintiff primarily worked at Defendant's location in Gypsum, Colorado.

## FACTUAL ALLEGATIONS

18.     Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA.

19.     Plaintiff Jonathan Esparsen was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

20.     Defendant was and continues to engage in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

21.     Defendant's annual gross revenues were in excess of $500,000 per annum.

22.     Defendant had two (2) or more employees handling, selling, or otherwise working

on goods or materials that had been moved in or produced for commerce.

23.     Defendant "suffered or permitted" Plaintiff and the putative FLSA collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

24.     Defendant employed Plaintiff as an Assistant Manager from approximately November of 2017 to March of 2018, during which Defendant paid Plaintiff a fixed bi-weekly salary, the most recent rate for which was $2,099.00.

25.     As Assistant Managers, Plaintiff and the putative FLSA collective members performed primary job duties that do not fall within any exemptions from overtime wages under the FLSA.

26.     Nevertheless, Defendant improperly classified Assistant Manager as an exempt position.

27.     As an Assistant Manager, Plaintiff's primary duties were to perform non-managerial tasks including manning the cash register and re-stocking the shelves.

28.     Defendant's managers routinely held conference calls to discuss issues relating to management of its stores. Plaintiff was never invited to participate in such calls.

29.     Plaintiff did not customarily and regularly direct the work of at least two or more full-time employees.

30.     Plaintiff did not have authority to hire or fire other employees.

31.     Plaintiff did not have authority to interview employees.

32.     Plaintiff did not have the authority to set or adjust employees' rates of pay.

33.     Plaintiff did not have the authority to set or adjust employees' hours of work.

34.     Plaintiff did not have the authority to direct employees' work.

4

35.     Plaintiff did not have the authority to discipline employees.

36.     Plaintiff has made recommendations as to the hiring, firing, advancement, promotion or other change of status of other employees. However, Defendant did not give particular weight to, and did not follow, these recommendations.

37.     Defendant paid its Plaintiff and other Assistant Managers a fixed salary regardless of how many hours they worked.

38.     Defendant required its Assistant Managers to regularly work over forty (40) hours in a workweek.

39.     For example, Defendant regularly scheduled Plaintiff to work at least 50 hours in a workweek.

40.     As a result, Defendant failed to pay Plaintiff and the FLSA collective members' overtime compensation at time-and-a-half (1.5) of their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

41.     For example, for the workweek ending February 17, 2018, Plaintiff worked over forty (40) hours; and Defendant paid Plaintiff a fixed weekly salary rate without overtime pay a rate of time-and-a-half (1.5) of his regular rate of pay for all hours worked in excess of 40. *See* **EXHIBIT A**, Exemplar Paystub.

42.     At all relevant times alleged herein, Plaintiff and the putative FLSA collective members have been subjected to the common pay policy and practice of Defendant as stated herein that violated the FLSA.

43.     At all relevant times alleged herein, Defendant has, directly or indirectly, hired Plaintiff and the putative FLSA collective members; has controlled their work schedules and conditions of employment; and determined the rate and method of the payment of wages.

44.     At all relevant times alleged herein, Defendant has maintained control, oversight, and direction over Plaintiff and the putative FLSA collective members, including the promulgation and enforcement of policies affecting the payment of their wages including overtime compensation.

45.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

46.     Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiff proper overtime compensation. As set forth herein, other prior and current FLSA collective members were subjected to the same wrongful policies, practices, and/or procedures.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

47.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

48.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All individuals employed by Defendant as Assistant Managers at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

49.     With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are performing the same or similar job duties as one another on behalf of Defendant; (b) they were or are subject to the same or similar

unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

50.    Members of the FLSA collective are all improperly classified as exempt employees by Defendant.

51.    As a result of the foregoing policies, there were many weeks in which Defendant failed to compensate members of the FLSA collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

52.    Defendant's conduct and practices, described herein, were and are willful, intentional, unreasonably, arbitrary, and in bad faith.

**COUNT I**
**(29 U.S.C. § 216(b) Individual Claims)**
**<u>Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*</u>**
**<u>FAILURE TO PAY OVERTIME</u>**

53.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

54.    29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

55.    Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

56.    Plaintiff regularly worked in excess of forty (40) hours per workweek.

57.    Defendant improperly classified Plaintiff as an exempt employee.

58.    Defendant paid Plaintiff a fixed salary regardless of how many hours he worked in a workweek.

59.    Defendant failed to pay Plaintiff the federally mandated overtime compensation at a rate not less than time-and-a-half (1.5) of his regular rate of pay for worked hours in excess of forty (40) per week.

60.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

61.    Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

62.    As a result of Defendant's uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(29 U.S.C. § 216(b) Collective Action)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME**

63.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

64.    Plaintiff and the FLSA collective members performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

65.    Plaintiff and the FLSA collective members regularly worked in excess of forty (40) hours per workweek.

66.    Defendant improperly classified Plaintiff and FLSA collective members as exempt employees.

67.    Defendant paid Plaintiff the FLSA collective members a fixed salary regardless of

8

how many hours they worked in a workweek.

68.     Defendant failed to pay Plaintiff and the FLSA collective members the federally mandated overtime compensation at a rate not less than time-and-a-half (1.5) of their regular rate of pay for worked hours in excess of forty (40) per week.

69.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

70.     Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

71.     As a result of Defendant's uniform policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT III**
**(CWA, C.R.S. § 8-4-101, *et seq.* and CMWO, 7 C.C.R. § 1103-1 Individual Claims)**
**<u>FAILURE TO PAY OVERTIME WAGES</u>**

71.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

72.     Plaintiff regularly worked more than forty (40) hours per workweek.

73.     Defendant failed to properly compensate Plaintiff for all hours worked including time spent performing pre-shift work-related activities as alleged herein.

74.     Defendant failed to properly pay Plaintiff overtime wages at a rate of not less than one and one-half (1.5) times his regular rate of pay for all hours he worked in excess of forty (40) per workweek.

75.     Defendant's conduct and practices, described herein, were willful, intentional,

9

unreasonably, arbitrary, and in bad faith.

76.    Because Defendant willfully violated the CWA and CMWO, a three (3) year statute of limitations shall apply to such violation pursuant to C.R.S. § 8-4-122.

77.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, penalties, reasonable attorneys' fees, costs and other compensation pursuant to CWA and CWMO.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A)    A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)    A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1;

(C)    An Order for injunctive relief ordering Defendant to comply with the FLSA and end all of the illegal wage practices alleged herein;

(D)    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)    Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective

10

members;

(F)    Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective

members, including the publishing of notice in a manner that is reasonably calculated to

apprise the FLSA collective members of their rights by law to join and participate in this

lawsuit;

(G)    Designating Lead Plaintiff as the representative of the FLSA collective in this action;

(H)    Designating the undersigned counsel as counsel for the FLSA collective in this action;

(I)    Judgment for damages for all unpaid overtime compensation and liquidated damages to

which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA,

29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(J)    Judgment for damages for all unpaid overtime compensation, liquidated damages and

pre-judgment interest to which Plaintiff is lawfully entitled under the Colorado Wage

Act, C.R.S. § 8-4-101, *et seq.* and Colorado Minimum Wage Order No. 34, 7 C.C.R. §

1103-1;

(K)    An incentive award for the Lead Plaintiff for serving as representative of the FLSA

collective in this action;

(L)    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as

provided by the FLSA; and

(M)    Judgment for any and all civil penalties to which Plaintiff and the FLSA collective

members may be entitled; and

(N)    Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Plaintiff, Jonathan Esparsen, individually and on behalf of all other FLSA collective

members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated: June 21, 2018    By:    /s/ *Benjamin Lin*
                                Benjamin Lin
                                Jason T. Brown
                                **JTB LAW GROUP, LLC**
                                155 2nd St., Suite 4
                                Jersey City, NJ 07302
                                T: (877) 561-0000
                                F: (855) 582-5297
                                ben.lin@jtblawgroup.com
                                jtb@jtblawgroup.com

                                *Attorneys for Plaintiff*

# EXHIBIT A

**RIDLEY'S FAMILY MARKETS INC.**

PERPETUAL HISTORY REPORT

*Checks Dated 02/01/18 Thru 02/23/18*

*Pay Period Ending Dates    Thru 12/31/99*

| CHECK NUMBER | CHECK DATE | PERIOD END DATE | | GROSS WAGES | FEDERAL WITHHOLDING | FICA WITHHELD | MEDICARE WITHHELD | STATE WITHHOLDING | | OTHER TAXES | CHECK AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPARTMENT NUMBER: 71 GYPSUM GROCERY | | | | | | | | | | | |
| EMPLOYEE NUMBER: 5572113 ESPARSEN, JONATHAN | | | | | | | | | | | |
| 066548 | 02/09/18 | 02/03/18 | | 2,099.90 | 310.02 | 130.19 | 30.45 | 96.00 | | .00 | 1,519.24 |
| | | | EC | DESCRIPTION | HOURS | RATE | AMOUNT | DC/TAX | DESCRIPTION | | AMOUNT |
| | | | 01 | Regular | 110.00 | 19.09 | 2,099.90 | 04 | Uniform Deduc | | 14.00 |
| | | | | | | | | CO | WITHHOLDING | | 96.00 |
| 067249 | 02/23/18 | 02/17/18 | | 4,199.90 | 725.88 | 260.39 | 60.90 | 193.15 | | .00 | 2,945.58 |
| | | | EC | DESCRIPTION | HOURS | RATE | AMOUNT | DC/TAX | DESCRIPTION | | AMOUNT |
| | | | 01 | Regular | 110.00 | 19.09 | 2,099.90 | 04 | Uniform Deduc | | 14.00 |
| | | | 01 | Regular | 110.00 | 19.09 | 2,100.00 | CO | WITHHOLDING | | 193.15 |
| | EMPLOYEE 5572113 TOTAL: | | | 6,299.80 | 1,035.90 | 390.58 | 91.35 | 289.15 | | .00 | 4,464.82 |
| | | | EC | DESCRIPTION | HOURS | RATE | AMOUNT | DC/TAX | DESCRIPTION | | AMOUNT |
| | | | 01 | Regular | 330.00 | 19.09 | 6,299.80 | 04 | Uniform Deduc | | 28.00 |
| | | | | | | | | CO | WITHHOLDING | | 289.15 |
| | DEPARTMENT 71 TOTAL: | | | 6,299.80 | 1,035.90 | 390.58 | 91.35 | 289.15 | | .00 | 4,464.82 |
| | | | EC | DESCRIPTION | HOURS | RATE | AMOUNT | DC/TAX | DESCRIPTION | | AMOUNT |
| | | | 01 | Regular | 330.00 | 19.09 | 6,299.80 | 04 | Uniform Deduc | | 28.00 |
| | | | | | | | | CO | WITHHOLDING | | 289.15 |
| | REPORT TOTAL: | | | 6,299.80 | 1,035.90 | 390.58 | 91.35 | 289.15 | | .00 | 4,464.82 |
| | | | EC | DESCRIPTION | HOURS | RATE | AMOUNT | DC/TAX | DESCRIPTION | | AMOUNT |
| | | | 01 | Regular | 330.00 | 19.09 | 6,299.80 | 04 | Uniform Deduc | | 28.00 |
| | | | | | | | | CO | WITHHOLDING | | 289.15 |