IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-01556-RM-GPG

JONATHAN ESPARSEN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

RIDLEY'S FAMILY MARKETS, INC.,

    Defendant.

---

## ORDER

---

This case brought as a collective action under the Fair Labor Standards Act ("FLSA") is before the Court on a Motion to Decertify by Defendant (ECF No. 78) and a Motion for Partial Summary Judgment by Plaintiff. The Motions have been fully briefed (ECF Nos. 73, 75, 79, 80) and are ripe for review. For the reasons below, Defendant's Motion is granted, and Plaintiff's Motion is granted in part and denied in part.

### I.    BACKGROUND

Defendant owns and operates grocery stores in Colorado, Utah, Nevada, Wyoming, and Idaho. (ECF No. 76, ¶ 3.) Each store is overseen by a manager and at least one assistant manager, both of which are salaried positions. (*Id.* at ¶¶ 10-12.) Assistant managers are expected to work a minimum of 110 hours every two weeks. (*Id.* at ¶ 9.) From November 2017 to March 2018, Plaintiff was employed as an assistant manager at one of Defendant's stores.

In June 2018, Plaintiff filed this lawsuit, individually and as a collective action on behalf of all others similarly situated, asserting claims premised on Defendant's failure to pay overtime.

In his Complaint, the putative FLSA collective is defined to include "[a]ll individuals employed by Defendant as Assistant Managers at any time from 3 years prior to filing of this Complaint through the date of judgment." (ECF No. 1, ¶ 8.) In March 2020, the Court accepted the magistrate judge's Recommendation (ECF No. 42) to grant Plaintiff's Motion for Conditional Certification (ECF No. 23). Notice was sent. Over the next three months, nineteen claimants opted into the lawsuit by filing consent forms. (ECF Nos. 44-56.)

## II. LEGAL STANDARDS

### A. Certification Under the FLSA

In this Circuit, courts employ a two-step ad hoc method for determining whether a suit may proceed as a collective action under the FLSA. *See Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1094 (D. Kan. 2012) (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001)). The first step was completed in this case when the Court determined conditional certification was proper and notice was sent to the potential collective action members. Putative collective members are considered "similarly situated" so long as there are substantial allegations that they were together the victims of a single decision, policy, or plan. *Thiessen*, 267 F.3d at 1102. During the second step, courts determine whether the claimants are similarly situated under a stricter standard, focusing on factors such as (1) disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to defendant which appear to be individual to each plaintiff, and (3) fairness and procedural considerations. *Id.* at 1103. If the court determines claimants are indeed similarly situated, it allows the representative action to proceed to trial. *Green*, 888 F. Supp. 2d at 1094. If the claimants are not similarly situated, the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiff proceeds to trial on his individual claims.

*Id.*

### B.     Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018).  Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013).  However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  "The substantive law of the case determines which facts are material."  *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law.  *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

### III.    DISCUSSION

### A.     Motion to Decertify

The central question at the decertification stage is whether Plaintiff and the opt-in Plaintiffs are sufficiently similarly situated based on the factors above.  *See Green*, 888 F. Supp.

3

2d at 1097. The Court finds that each of the three factors weighs in favor of decertification.

1. Disparate Factual and Employment Settings of Plaintiffs

Defendant argues the first factor weighs in favor of decertification because there is no typicality among the collective. (*See* ECF No. 78 at 1.) The responsibilities of assistant managers differ, it says, depending on the specific store and how responsibilities are divided between the store managers and assistant managers at that store. (*Id.* at 2.) Citing deposition testimony from several opt-in Plaintiffs, Defendant argues that these assistant managers were generally responsible for other employees at the store, directing their work, addressing their complaints, and responding to disciplinary matters. But their duties and responsibilities also fluctuated depending on conditions at the store where they worked and their relationship with the store manager. Although they all filled in as needed, they also were involved, to varying degrees, with tasks such as training employees, doing paperwork, ensuring employee and customer safety, ordering product for the store, preparing employee schedules, setting up merchandizing displays, filling out incident reports, enforcing policies, making bank deposits, counting the safe, and keeping the books. (*Id.* at 7-17.) Naturally, their tenures with Defendant varied, further contributing to greater disparity in their duties and responsibilities.

Plaintiff contends that despite some variation in details, the assistant managers jobs were "unified by common job descriptions, uniform pay and employment policies, [and] similar job duties." (ECF No. 79 at 7.) He also argues that the same legal theory—that Defendant misclassified them as exempt executive or administrative employees—supports their claims. (*Id.*)

General allegations of an overarching policy are insufficient to establish similar employment settings, however, and the Court is not persuaded that the assistant managers

4

experiences were similar enough to say that they shared factual nexus regarding that status. *See Blair v. TransAm Trucking, Inc.*, 309 F. Supp. 3d 977, 1001-02 (D. Kan. 2018) ("Decertification will be granted where the claimants' responsibilities and duties were so varying that it cannot be said they share a factual nexus based on a particular policy or practice" (quotation omitted).). The evidence suggests that although the assistant managers had the same title and were subject to the same expectations and policies, their specific duties and responsibilities were far from uniform.

        2. <u>Individual Defenses</u>

Next, Defendant argues that decertification is warranted because it will assert individualized defenses and evidence as to whether each assistant manager meets the requirements for an executive or administrative exemption under the FLSA. Plaintiff counters that Defendant is offering the same defenses for every claimant and that the Defendant's operations team is centralized. Whether these assistant managers meet the requirements for an exemption will require presenting evidence of their unique circumstances. Based on those circumstances, all, some, or none of them may qualify for FLSA exemptions. But the Court cannot say they are similarly situated merely because Defendant asserts that they all qualify. In other words, depending on their specific situations, there may be different reasons why they do or do not qualify for the asserted exemptions. *See Nez v. Sw. Glass & Glazing, Inc.*, No. 1:15-CV-01041-RJ, 2016 WL 10516171, at *4 (D.N.M. Dec. 22, 2016) (unpublished) (denying certification where defendants indicated they intended to present individualized evidence as to each opt-in plaintiff's claim and establishing plaintiffs' daily tasks would require testimony of each plaintiff). Accordingly, this factor weighs in favor of decertification as well.

3.  Fairness and Procedural Considerations

Defendant contends that the potential efficiencies of proceeding as a collective action are significantly eroded here, where representative testimony will not suffice due to the unique factual circumstances of each assistant manager, and dozens of witnesses will have to travel from all over Defendant's territory to testify at trial. In response, Plaintiff argues that presentation of the evidence will be streamlined, in part because "Defendant's representative will only have to testify once about these Plaintiffs' employment status, their classification as exempt, and their hours of work." (ECF No. 79 at 13.) The Court is not persuaded that the efficiencies to be gained with respect to Defendant's presentation of a portion of its evidence outweigh the impracticalities of having, essentially, twenty separate "mini-trials" to establish whether an FLSA exemption applies as to each assistant manager. Therefore, the Court finds this factor also weighs in favor of decertification.

**B.  Motion for Partial Summary Judgment**

Because the Court is granting Defendant's Motion for Decertification and dismissing the opt-in Plaintiff's from this case without prejudice, the Court addresses Plaintiff's Motion only as it pertains to his individual claim. Defendant asserts as an affirmative defense in this case that Plaintiff meets the requirements for both the executive and administrative exemptions under the FLSA. Plaintiff seeks a ruling that he does not qualify under executive exemption. The Court agrees that Defendant has failed to establish the existence of a genuine dispute of material fact as to this affirmative defense, and therefore grants in part the Motion.

As the employer, Defendant bears the burden of proving that Plaintiff is exempt from FLSA coverage. *See Archuleta v. Wal-Mart Stores, Inc.*, 543 F.3d 1226, 1233 (10th Cir. 2008); *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1184 (10th Cir. 2004) ("[E]xemptions under

the FLSA are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit" (quotation omitted).).  Where, as here, the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment bears the initial burden of showing an absence of any issues of material fact.  *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019).  If the moving party demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of his claim, the burden shifts to it to set forth specific facts showing that there is a genuine issue for trial.  *See id.*  If it fails to make a showing sufficient to establish the existence of an element, summary judgment must be entered in favor of the moving party.  *See id.*

As pertinent here, to show Plaintiff meets the requirements for the executive exemption, Defendant must establish that he is an employee "[w]ho has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a)(4).  In his Motion, Plaintiff points to the absence of evidence he exercised such authority or that his suggestions and recommendations were given such weight, shifting the burden to Defendant to set forth specific facts showing there is a genuine issue for trial.

In its Response, Defendant cites just two occasions as proof that Plaintiff satisfies the requirement above.  First, he once reported an employee who was leaving the store while punched in.  (ECF No. 73 at 11.)  She was later terminated.  Second, he reported an incident where an employee walked out the back door with flowers and another said that it was okay.  (*Id.* at 12.)  Both employees were terminated.  More generally, Defendant argues that the executive

7

exemption applies to assistant managers because they manage store employees, are frequently the sole manager onsite, and are treated as mentees by store directors. (*Id.* at 11-12.)

The Court finds these allegations are insufficient to raise a genuine issue of material fact as to whether the FLSA's executive exemption applies to Plaintiff. The fact that Plaintiff reported incidents which led to employees being fired does not establish that he had a role in the termination decisions. And Defendant's generalized allegations regarding assistant managers' responsibilities are insufficient to raise a genuine issue with respect Plaintiff's classification. Thus, Plaintiff is entitled to partial summary judgment on this issue.

### IV.   CONCLUSION

Accordingly, Defendant's Motion to Decertify (ECF No. 78) is GRANTED, and the claims of all opt-in Plaintiffs are DISMISSED WITHOUT PREJUDICE. Plaintiff's Motion for Partial Summary Judgment (ECF No. 66) is GRANTED IN PART with respect to his individual claim and DENIED IN PART as to the three opt-in Plaintiffs who joined in the Motion.

DATED this 12th day of April, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge