IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:18-cv-01556-RM-GPG**

JONATHAN ESPARSEN, Individually and on
behalf of All Others Similarly Situated,

    Plaintiff,

v.

RIDLEY'S FAMILY MARKETS, INC.,

    Defendants.

---

**DEFENDANT RIDLEY'S FAMILY MARKETS, INC.'S
PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

---

Pursuant to the Court's Second Order Setting Case for Trial [Dkt. 106], Defendant Ridley's Family Markets, Inc. hereby submits its proposed Findings of Fact, Conclusions of Law, and Order ("Findings and Conclusions"). Defendant respectfully requests leave to supplement and correct or modify these Findings and Conclusions after the trial to the Court, which is currently scheduled to commence on December 12, 2023.

**FINDINGS OF FACT**

To the extent that any conclusions of law are deemed to be findings of fact, they are incorporated here by reference as findings of fact.

1. Plaintiff is an individual and resident of Colorado.

2. Defendant is a Wyoming corporation licensed to do business in Colorado, and does do business in Colorado.

3. Defendant operates multiple retail grocery stores in many states, including in Colorado.

4. Defendant's annual gross revenues exceed $500,000.00.

5. At all relevant times, Defendant has had two (2) or more employees engaged in interstate commerce.

6. Plaintiff was employed as an Assistant Store Director ("ASD") by Defendant from November 27, 2017 through March 9, 2018, during which time Defendant paid Plaintiff a fixed bi-weekly salary, the most recent rate for which was $2,099.00.

7. Plaintiff was paid a fixed salary regardless of how many hours he worked.

8. Plaintiff was regularly scheduled to work for more than forty (40) hours per workweek.

9. Plaintiff was not paid overtime premiums at one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek.

10. Defendant's ASDs' primary duties and responsibilities included supervising retail workers, motivating and inspiring co-workers, adjusting schedules, training and evaluating employees, tracking weekly results and trends for business forecasting, executing weekly sales and marketing objectives, and resolving escalated customer complaints.

11. These primary duties and responsibilities included such things as entering sales information, instructing subordinate employees, make decisions regarding merchandizing and displays, inventory management and purchasing, making bank deposits, being responsible for the physical store facility, resolving customer complaints, and, in conjunction with the Store Director, managing all aspects of the retail food and drug store to which they are assigned.

12. As an ASD, Plaintiff had these primary duties and responsibilities.

13. As an ASD for Defendant, Plaintiff regularly performed some or all of these duties and responsibilities, including without limitation, having keys to the store that he managed, securing the store at the end of the day and/or opening the store in the morning, monitoring, maintaining and upkeeping the physical store facility, regulatory duties and responsibilities, and

handling customer complaints.  In performing these duties, Plaintiff exercised discretion and independent judgment.

14. Store Directors and ASDs work closely together to manage the store to which they have been assigned, and Plaintiff worked closely with his Store Director. Plaintiff did not work the exact same schedule as his Store Director, but worked an overlapping schedule, and when the Store Director was not at the store, Plaintiff was the senior manager on site, where he also exercised discretion and independent judgment.

**CONCLUSIONS OF LAW**

To the extent that any findings of fact are deemed to be conclusions of law, they are incorporated here by reference as conclusions of law.

15. This Court has jurisdiction over Plaintiff's Fair Labor Standards Act ("FLSA") claim pursuant to 28 U.S.C. § 1331.

16. This Court has supplemental jurisdiction over Plaintiff's claims under the Colorado Wage Act, C.R.S. § 8-4-101, et seq. ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO") because these state law claims form part of the same case or controversy as the FLSA claims pursuant to 28 U.S.C. §1367(a).

17. Plaintiff was paid a salary of not less than $684 per week.

18. Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of Defendant and/or Defendant's customers.

19. Plaintiff's primary duty included the exercise of discretion and independent judgement with respect to matters of significance.

20. Plaintiff was properly classified as exempt under the administrative exemption under federal and state law.

21. Defendant acted in good faith in classifying Plaintiff as exempt, and reasonably relied upon administrative regulations, guidance, orders, and industry practice in reasonably concluding that Plaintiff was properly classified as exempt.

22. Plaintiff has failed to prove by a preponderance of evidence that he was misclassified under the FLSA, the CWA, and the CMWO.

## **ORDER**

THE COURT, having issued these Findings of Fact and Conclusions of Law, hereby enters judgment in favor of Defendant Ridley's Family Markets, Inc. and against Plaintiff, and dismisses Plaintiff's claims with prejudice and on the merits.

Dated: November 8, 2023

SNELL & WILMER L.L.P.

*/s/David P. Williams*
David P. Williams (UT#07346)
15 W. South Temple, Suite 1200
Salt Lake City, Utah 84095
Telephone: 801.257.1914
Facsimile: 801-257-1800
Email: dawilliams@swlaw.com
***Attorneys for Defendant Ridley's Family Markets, Inc.***

**CERTIFICATE OF SERVICE**

This is to certify that on November 8, 2023, a true and correct copy of the above and foregoing document was electronically filed and served on all counsel of record.

/s/Mindi Mordue