IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-1556-RM-GPG

**JONATHAN ESPARSEN,**
    Plaintiff,

v.

**RIDLEY'S FAMILY MARKETS, INC.,**
    Defendant.

## PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW Plaintiff Jonathan Esparsen, by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and Jason T. Brown and Patrick S. Almonrode of Brown, LLC, and for his Proposed Findings of Fact and Conclusions of Law, does hereby state as follows:

### I.   PROPOSED FINDINGS OF FACT

1.   Defendant is a Wyoming Corporation licensed to do business in Colorado, and does do business in Colorado.

2.   Defendant operates multiple retail grocery stores in many states, including Colorado.

3.   Defendant's annual gross revenues exceed $500,000.00.

4.   At all relevant times, Defendant has had two (2) or more employees engaged in interstate commerce.

5.   The FLSA applies in this case on an enterprise and an individual basis.

Page 1 of 6
Jonathan Esparsen v. Ridley's Family Markets, Inc.
U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG
Plaintiff's Proposed Findings of Fact and Conclusions of Law

6. Plaintiff was employed as an Assistant Manager by Defendant from November 27, 2017, through March 9, 2018, during which time Defendant paid Plaintiff a fixed bi-weekly salary of $2,099.00.

7. Plaintiff was paid a fixed salary regardless of how many hours he worked.

8. Plaintiff was regularly scheduled to work for more than forty (40) hours per workweek.

9. Plaintiff was not paid an overtime premium of one and one-half (1.5) times his regular rate of pay for hours worked in excess of forty (40) per week.

10. Plaintiff's primary duty consisted of manual labor, such as stocking shelves, setting displays, working the cash register, unloading freight, helping customers, ordering groceries, cleaning the store, packaging meat, and organizing back stock.

11. Plaintiff was not responsible for scheduling, hiring, firing, setting pay, disciplining, evaluating other employees, or setting polices or budgets.

12. Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

13. During the pay period ending 12/9/17, Plaintiff worked 80 regular hours, 30 overtime hours, and was paid $2,099.90.

14. During the pay period ending 12/23/17, Plaintiff worked 80 regular hours, 30 overtime hours, and was paid $2,099.90.

15. During the pay period ending 1/6/18, Plaintiff worked 80 regular hours, 30 overtime hours, and was paid $2,099.90.

16. During the pay period ending 1/20/18, Plaintiff worked 80 regular hours, 30 overtime hours, and was paid $2,099.90.

Page 2 of 6
Jonathan Esparsen v. Ridley's Family Markets, Inc.
U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG
Plaintiff's Proposed Findings of Fact and Conclusions of Law

17. During the pay period ending 2/3/18, Plaintiff worked 80 regular hours, 30 overtime hours, and was paid $2,099.90.

18. During the pay period ending 2/17/18, Plaintiff worked 80 regular hours, 30 overtime hours, and was paid $2,099.90.

19. During the pay period ending 1/6/18, Plaintiff worked 80 regular hours, 30 overtime hours, and was paid $2,099.90.

20. During the pay period ending 1/20/18, Plaintiff worked 80 regular hours, 30 overtime hours, and was paid $2,099.90.

21. During the pay period ending 2/3/18, Plaintiff worked 80 regular hours, 30 overtime hours, and was paid $2,099.90.

22. During the pay period ending 2/17/18, Plaintiff worked 80 regular hours, 30 overtime hours, and was paid $2,099.90.

23. During the pay period ending 3/3/18, Plaintiff worked 80 regular hours, 30 overtime hours, and was paid $2,099.90.

24. During the pay period ending 3/17/18, Plaintiff worked 40 regular hours, 4 overtime hours, and was paid $839.96.

25. At all relevant times, Defendant knew Plaintiff was working the above-described overtime hours.

26. At all relevant times, Defendant knew the FLSA, CWA and CMWO required payment of an overtime premium for all hours worked over forty per week.

27. At all relevant times, Defendant knew it was not paying the overtime premium required under the FLSA, CWA and CMWO.

28. Defendant did not take any affirmative steps to comply with the FLSA.

Page 3 of 6
Jonathan Esparsen v. Ridley's Family Markets, Inc.
U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG
Plaintiff's Proposed Findings of Fact and Conclusions of Law

29. Defendant had no objective or subjective reasons for believing it was in compliance with the FLSA, CWA and CMWO.

## II. PROPOSED CONCLUSION OF LAW

1. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1331.

2. Defendant is a covered employer under the FLSA.

3. Defendant is a covered employer under the CWA and CMWO.

4. Defendant did not meet its burden to prove Plaintiff was exempt under the administrative exemption from the overtime requirements of the FLSA, CWA, and CMWO.

5. Defendant violated the FLSA CWA, and CMWO by not paying Plaintiff overtime wages of one and one-half times his regular rate for all hours worked in excess of forty per week.

6. Defendant's violation of the FLSA, CWA, and CMWO was willful; therefore, the three-year limitations period of the FLSA, CWA, and CMWO applies to Plaintiff's claims.

7. Defendant is liable to Plaintiff for his unpaid overtime premiums of $2,042.63

8. Plaintiff is entitled to liquidated damages in an amount equal to his damages set forth above as authorized by the FLSA because Defendant did not demonstrate that its actions in failing to properly compensate Plaintiff were in good faith and with reasonable grounds.

9. Defendant is liable to Plaintiff for liquidated damages in the amount of $2,042.63

Page 4 of 6
**Jonathan Esparsen v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG**
**Plaintiff's Proposed Findings of Fact and Conclusions of Law**

10. Plaintiff has incurred attorney's fees in an effort to assert his rights under the FLSA, and by law such reasonable attorney's fees should be paid by Defendant.

11. Plaintiff has incurred costs in an effort to assert his rights under the FLSA, and by law those costs should be paid by Defendant.

12. Defendant is liable to Plaintiff for back wages in the amount of $2,042.63 and for liquidated damages in the amount of $2,042.63, for a total of $4,085.26

13. Defendant is liable to Plaintiff for his reasonable attorney's fees and costs, which will be requested by petition within the time required by the Federal Rules of Civil Procedure and Local Rules of this Court.

Respectfully submitted,

**PLAINTIFF JONATHAN ESPARSEN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800)0615-4946
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com

BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Telephone: (877) 561-0000
Facsimile: (855) 582-5297

Jason T. Brown
jtb@jtblawgroup.com

Page 5 of 6
Jonathan Esparsen v. Ridley's Family Markets, Inc.
U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG
Plaintiff's Proposed Findings of Fact and Conclusions of Law

                                                   Patrick S. Almonrode
                                                   patalmonrode@jtblawgroup.com

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that on November 8, 2023, a true and correct copy of the foregoing was served via ECF filing on the following attorneys of record:

Mr. David P. Williams, Esq.
Mr. Mark O. Morris, Esq.
SNELL & WILMER, LLP
Tabor Center
1200 Seventeenth Street, Suite 1900
Denver, CO 80202

                                               */s/ Sean Short*
                                               **Sean Short**

**Page 6 of 6**
**Jonathan Esparsen v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG**
**Plaintiff's Proposed Findings of Fact and Conclusions of Law**