IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 18-cv-01556-RM-JPO

JONATHAN ESPARSEN,

    Plaintiff,

v.

RIDLEY'S FAMILY MARKETS, INC.,

    Defendant.

---

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

---

This action brought under the Fair Labor Standards Act ("FLSA") proceeded to a one-day bench trial to determine whether Defendant was required to pay Plaintiff overtime premiums for the fifteen weeks he worked as an Assistant Store Director ("ASD") and was paid a bi-weekly salary of $2,099. Having heard the parties' testimony and considered the evidence presented and the entire record, the Court makes the following findings of fact and conclusions of law[1] and enters the following orders.

**I.  FINDINGS OF FACT**

    1.    Plaintiff is an individual and a resident of Colorado.

    2.    Defendant is a Wyoming corporation licensed to do business in Colorado that does business in Colorado.

---

[1] The findings of fact include any conclusions of law that are deemed findings of fact, and vice versa.

3. Defendant operates multiple retail grocery stores in many states, including in Colorado.

4. Defendant's annual gross revenues exceed $500,000.

5. At all relevant times, Defendant has had two or more employees engaged in interstate commerce.

6. Plaintiff was employed by Defendant as the ASD at its store in Gypsum, Colorado, from November 27, 2017, through March 9, 2018, during which time Defendant paid Plaintiff a fixed bi-weekly salary of $2,099.

7. Plaintiff was paid a fixed salary regardless of how many hours he worked.

8. Most of Defendant's ASDs at the Gypsum store and its other stores have been salaried, though there have been exceptions.

9. Defendant generally expected ASDs to work ten-hour shifts, five to six days per week.

10. Plaintiff was regularly scheduled to work for more than forty hours per workweek, but he did not keep track of the hours he worked.[2]

11. Plaintiff was not paid overtime premiums at one and one-half times their regular rate of pay for hours worked in excess of forty per week.

12. Defendant's ASDs' primary duties and responsibilities included supervising retail workers, motivating and inspiring co-workers, adjusting schedules, training and evaluating

---

[2] At trial, Plaintiff disputed Defendant's record of his hours worked but gave vague and, at times, inconsistent accounts of his hours worked; but in any event, he does not claim damages for working more than 110 hours in any two-week pay period.

employees, tracking weekly results and trends for business forecasting, executing weekly sales and marketing objectives, and resolving escalated customer complaints.

13. These primary duties and responsibilities included such things as entering sales information, instructing subordinate employees, making decisions regarding merchandizing and displays, managing and purchasing inventory, making bank deposits, being responsible for the physical store facility, resolving customer complaints, and, in conjunction with the Store Director, managing all aspects of the retail food and drug store to which they are assigned.

14. As an ASD, Plaintiff had these primary duties and responsibilities.

15. As an ASD, Plaintiff regularly performed some or all of these duties and responsibilities, including without limitation having keys to the store that he managed; securing the store at the end of the day and opening the store in the morning; monitoring, maintaining, and upkeeping the physical store facility; regulatory duties and responsibilities; and handling customer complaints.

16. As an ASD, Plaintiff had keys to the store and access to the safe.

17. As an ASD, Plaintiff pulled from the shelves items that were expired.

18. As an ASD, Plaintiff had to call employees to come in if an employee scheduled to come in was not available to work.

19. As an ASD, Plaintiff reported to Defendant's president that an hourly employee had punched in and then left the store, and the employee was subsequently terminated.

20. In performing these duties, Plaintiff exercised discretion and independent judgment.

21. Store Directors and ASDs work closely together to manage the store to which they have been assigned, and Plaintiff worked closely with his Store Director.

22. Plaintiff and his Store Director worked partially overlapping schedules, and when the Store Director was not at the store, Plaintiff was the senior manager on site.

23. More than half the time Plaintiff was working at the Gypsum store, he was the main person in charge.

24. During his lunch breaks, Plaintiff was frequently interrupted by employees who came to him to resolve issues related to running the store.

## II.   CONCLUSIONS OF LAW

25. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331.

26. This Court has supplemental jurisdiction over Plaintiff's claims under the Colorado Wage Act, Colo. Rev. Stat. § 8-4-101, et seq. ("CWA") and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO") because these state law claims form part of the same case or controversy as the FLSA claims pursuant to 28 U.S.C. §1367(a).

27. Plaintiff was paid a salary of not less than $684 per week.

28. Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of Defendant and its customers.

29. Plaintiff's primary duty included the exercise of discretion and independent judgement with respect to matters of significance.

30. Plaintiff was properly classified as exempt under the administrative exemption under federal and state law.

31. Defendant acted in good faith in classifying Plaintiff as exempt, and reasonably relied upon administrative regulations, guidance, orders, and industry practice in reasonably concluding that Plaintiff was properly classified as exempt.

32. Plaintiff has failed to prove by a preponderance of evidence that he was misclassified under the FLSA, the CWA, and the CMWO.

## III. ORDER

Based on the foregoing and the testimony and other evidence at trial, the Court additionally finds that Plaintiff's overall version of the relevant events and details lacks credibility. Although other employees might not have treated Plaintiff with the respect he believes he deserved as an ASD, it is clear that he was not hired as simply a cashier or shelf stocker. His testimony to the contrary is not consistent with how Defendant generally hired store directors and ASDs to manage its stores or the fact that he received a salary regardless of the number of hours worked. His testimony that other employees frequently interrupted him during his lunch break because they needed him to resolve issues related to running the store undermines any notion that he did not have discretion over matters of significance at the store. Moreover, during his brief tenure at the store, he was responsible for having an employee fired. Plaintiff's testimony that he accepted the position as an ASD without any discussion about overtime pay or the schedule he would work is simply not persuasive. In light of his testimony that he typically worked eleven-hour days without having to clock in or out, his contention that he expected to be paid overtime is equally unpersuasive. In short, the Court is left with the

impression that Plaintiff accepted a salaried position that was properly classified as exempt from FLSA's overtime requirements. When the job failed to live up to Plaintiff's expectations, he attempted to manufacture a post hoc claim for unpaid overtime. However, the evidence falls well short of establishing an FLSA violation by Defendant.

Therefore, the Court enters judgment in favor of Defendant and against Plaintiff, and Plaintiff's claims are hereby DISMISSED WITH PREJUDICE on the merits.

DATED this 31st day of January, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge