IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-1556-RM-GPG

**JONATHAN ESPARSEN,**
    Plaintiff,

v.

**RIDLEY'S FAMILY MARKETS, INC.,**
    Defendant.

---

### OBJECTION TO DEFENDANT'S BILL OF COSTS
---

### I.    INTRODUCTION

This Court should exercise its discretion to deny Defendant's Bill of Costs. Plaintiff brought good faith claims against Defendant under remedial statutes intended to protect workers from unfair and discriminatory employment conditions. It would frustrate the purposes of those statutes to burden Plaintiff with onerous costs for protesting his employment conditions. In the alternative, if the Court decides to tax costs against Plaintiff, the Court should examine Defendant's Bill of Costs and deny those costs that are unsupported by evidence and not taxable against the losing party.

### II.    LAW AND ARGUMENT

**A. Defendant's Bill of Costs Should Be Denied.**

Under Rule 54(d) of the Federal Rules of Civil Procedure, "the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). The items on Defendant's Bill of Costs "should always be given careful scrutiny" to ensure they were necessarily obtained for use in the

Page 1 of 7
Jonathan Esparsen v. Ridley's Family Markets, Inc.
U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG
Objection to Defendant's Bill of Costs

case and that the amount is reasonable. *United States Indus. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988) (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964)).

There are many factors that a district court may take into account in deciding to deny costs under Rule 54(d)(1). These factors include: the losing party's limited financial resources; misconduct by the prevailing party; close and difficult legal issues presented; substantial benefit conferred to the public; the prevailing party's enormous financial resources; and the losing party's good faith in prosecuting the action. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing 10 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2668, at 234 (1998)); *see also Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

The factors identified by the *Pacheco* court weigh strongly against taxing costs against Plaintiff. First, there is no allegation that Plaintiff brought his claims in bad faith, and aggrieved employees ought not be punished for bringing good faith claims against their employers. Second, ordering each party to bear its own costs would confer a substantial benefit on the public by enabling aggrieved employees to bring meritorious claims without fear of harsh consequences. *See Horsford v. Salvation Army*, 2002 U.S. Dist. LEXIS 18453, at *8 (S.D.N.Y. Sep. 30, 2002) ("it would be . . . unfortunate—and contrary to the purposes of Title VII—if fear of liability for attorneys' fees were to chill the assertion of civil rights claims."); *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) ("We have previously approved as appropriate reasons for denying costs . . . 'the chilling effect of imposing . . . high costs on future civil rights litigants.'"); *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 731 (6th Cir.

**Page 2 of 7**
**Jonathan Esparsen v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG**
**Objection to Defendant's Bill of Costs**

1986) ("awarding costs to the prevailing defendant could have a chilling effect on small businesses"). Indeed, such a consequence for losing a good faith FLSA claim would fly in the face of the purpose for which the FLSA was enacted.

Third, this lawsuit presented close legal issues. The presence of "close and difficult" issues is a particularly widely accepted basis for denying an award of costs to a prevailing party. *See*, *e.g.*, *Pacheco*, 448 F.3d at 794; *White & White,* 786 F.2d at 733 ("the district court acted properly in considering the length and difficulty of the case as a factor in denying costs"); *Champion Produce*, 342 F.3d at 1022; *Teague v. Bakker*, 35 F.3d 978, 996–97 (4th Cir. 1994). This case ultimately turned on whether Plaintiff's position met the requirements of the administrative or executive exemptions to the FLSA. The question was so close that the Court partly granted Plaintiff's request for summary judgment as to the inapplicability of the executive exemption. Order, ECF No. 81. The closeness of the Parties' legal dispute is evidence that the claims were brought in good faith and that it would be appropriate to decline to tax all costs to any Party. *See Hicks v. Lindsey Mgmt. Co.*, No. 3:18-cv-00133 KGB, 2021 U.S. Dist. LEXIS 63151, at *6–7 (E.D. Ark. Mar. 31, 2021) (denying a portion of the defendants' bill of costs in part because "There is no evidence or support for a claim that plaintiffs brought their claims in bad faith" and "The case involved close and difficult legal issues").

Fourth, there is a drastic and undisputed disparity between the parties' financial resources. As a grocery store manager, Plaintiff earned a salary of roughly $1,050.00 per week. Defendant Ridley's Family Markets, Inc., is a large, profitable company that operates grocery stores in multiple states. *See generally*, Defendant's Response to Statement of Undisputed Material Facts ¶ 3, ECF No. 74. Therefore, because of Plaintiff's

Page 3 of 7
Jonathan Esparsen v. Ridley's Family Markets, Inc.
U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG
Objection to Defendant's Bill of Costs

status as a largely blue-collar employee, and Defendant's status as a monolithic business with large financial resources and contracts, imposition of all costs on Plaintiff would put an undue and disproportionate financial burden on Plaintiff. *See, e.g.*, *Norman v. Indep. Case Mgmt.*, No. 4:20-cv-492-DPM, 2022 U.S. Dist. LEXIS 120084, at *1–2 (E.D. Ark. July 7, 2022) (stating that a showing of a losing party's inability to pay "would tilt the balance against an award") (citing *Thomas v. Viskase Cos.*, No. 3:19-cv-371-DPM, 2022 U.S. Dist. LEXIS 5501, at *1 (E.D. Ark. Jan. 11, 2022)); *Hicks v. Lindsey Mgmt. Co.*, No. 3:18-cv-00133 KGB, 2021 U.S. Dist. LEXIS 63151, at *6–7 (E.D. Ark. Mar. 31, 2021) (denying a portion of the defendants' bill of costs in part because "The record evidence supports that Mr. Hicks and the other plaintiffs earned or earn close to minimum wage, while defendants have considerable financial resources").

Because the parties' disparate economic circumstances and the nature of Plaintiff's claims make taxation of all costs against Plaintiff inappropriate, Defendant's Bill of Costs should be denied.

**B. Defendant's Bill of Costs Includes Unsupported and Non-Taxable Costs.**

A district court has discretion to tax the costs of a deposition to the losing party, but only if the deposition was "necessarily obtained for use in a case." *Tilton v. Capital Cities/ABC*, 115 F.3d 1471, 1473 (10th Cir. 1997). Many courts have declined to tax certain deposition transcript costs to a losing FLSA plaintiff. Specifically, courts have held that deposition costs for parties that were dismissed prior to trial and did not appear at trial were not "necessarily obtained for use in a case" and should not be taxed to a losing plaintiff. *See, e.g.*, *Lochridge v. Lindsey Mgmt. Co.*, No. 5:12-CV-5047, 2016 U.S. Dist. LEXIS 157746, at *15 (W.D. Ark. Nov. 15, 2016) ("The Court has reviewed the parties'

Page 4 of 7
Jonathan Esparsen v. Ridley's Family Markets, Inc.
U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG
Objection to Defendant's Bill of Costs

briefing and the entire record of the case and finds that, pursuant to 28 U.S.C. § 1920, the costs of the transcripts of the former plaintiffs who settled with [the defendant] well prior to trial and did not testify at trial cannot be considered depositions that were 'necessarily obtained' for use in the trial of the individual claims of Plaintiffs."); *Norman v. Indep. Case Mgmt.*, No. 4:20-cv-492-DPM, 2022 U.S. Dist. LEXIS 120084, at *2 (E.D. Ark. July 7, 2022) ("The other costs the company seeks are associated with the depositions of a few opt-in plaintiffs. Those costs are not recoverable against Norman because they were not necessary for Independent Case Management to incur in its defense against her individual claims."); *Hicks*, 2021 U.S. Dist. LEXIS 63151, at *8–9 (denying the defendant's request for costs for deposition transcripts except for the single plaintiff whose transcript was used in pursuit of a victorious summary judgment motion).

Defendant seeks costs for six deposition transcripts. *See* Bill of Costs, ECF No. 123. Plaintiff does not dispute that the cost of his own deposition transcript is properly taxed to him. The Court should deny Defendant's Bill of Costs as to the remaining five. To begin with, Defendant seeks the cost of the deposition transcript of Casey Jackson, who did not appear at his deposition and was subsequently dismissed. It is axiomatic that Mr. Jackson's deposition was not necessarily obtained for use in the case when the deposition was not obtained at all. Even assuming that a situation exists in which the absence of a deposition may be necessary for the furtherance of a case, Defendant sought Mr. Jackson's deposition as support for its request for decertification, and the lack of deposition was of no assistance in showing his dissimilarity with the collective. Defendant did not rely on Mr. Jackson's lack of deposition in support of its Motion for

Page 5 of 7
Jonathan Esparsen v. Ridley's Family Markets, Inc.
U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG
Objection to Defendant's Bill of Costs

Decertification, and its request for costs with respect to Mr. Jackson's deposition should be denied.

Next, Defendant inappropriately seeks the costs of the depositions of opt-in Plaintiffs Cameron Harris, Krestina Coombs, Jenney Moua and Destiny Glanz. Subsequent to the Court's decertification of the collective, Mr. Harris, Ms. Coombs and Ms. Glanz joined the collective in refiling their individual claims. *See Meats v. Ridley's Family Markets, Inc.*, No. 1:22-cv-1070 (D. Colo.). This litigation is ongoing. Importantly, Defendant has requested summary judgment in *Meats*, and filed in support of its motion the depositions of Mr. Harris, Ms. Coombs and Ms. Glanz that it seeks reimbursement for here. *See Meats*, Docket Nos. 36-4 (Dep. of Krestina Coombs); 36-8 (Dep. of Destiny Glanz); 36-9 (Dep. Cameron Harris). Accordingly, the depositions of Ms. Coombs, Ms. Glanz and Mr. Harris were not obtained in the furtherance of *this* case, but in the furtherance of *Meats*. Plaintiff should not be taxed the costs of depositions that Defendant is using in the furtherance of another, ongoing case. Accordingly, the deposition costs of Mr. Harris, Ms. Coombs, Ms. Moua and Ms. Glanz should not be taxed to Plaintiff.

### III.   CONCLUSION

Plaintiff does not object to the cost of his own deposition nor to the cost printing and copying for trial. However, for the reasons stated above, Plaintiff respectfully asks the Court to exercise its discretion to deny Defendant's request for costs for depositions that were not necessary to the resolution of this matter, which includes the deposition costs of Mr. Jackson, Mr. Harris, Ms. Coombs, Ms. Moua and Ms. Glanz.

Page 6 of 7
**Jonathan Esparsen v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG**
**Objection to Defendant's Bill of Costs**

Respectfully submitted,

**PLAINTIFF JONATHAN ESPARSEN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800)0615-4946
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com

BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Telephone: (877) 561-0000
Facsimile: (855) 582-5297

Jason T. Brown
jtb@jtblawgroup.com

Patrick S. Almonrode
patalmonrode@jtblawgroup.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on February 20, 2024, a true and correct copy of the foregoing was served via ECF filing on the following attorneys of record:

Mr. David P. Williams, Esq.
Mr. Mark O. Morris
SNELL & WILMER, LLP
Tabor Center
1200 Seventeenth Street, Suite 1900
Denver, CO 80202

*/s/ Sean Short*
**Sean Short**

Page 7 of 7
**Jonathan Esparsen v. Ridley's Family Markets, Inc.**
**U.S.D.C. (Colo.) Case No. 1:18-cv-01556-RM-GPG**
**Objection to Defendant's Bill of Costs**