AO 133 (Rev. 12/09) Bill of Costs
USDC Colo. version - rev. 2/1/2024

# BILL OF COSTS

| United States District Court | DISTRICT | DISTRICT OF COLORADO |
|---|---|---|
| Jonathan Esparsen, individually and on behalf of all others similarly situated, v. Ridley's Family Markets, Inc. | DOCKET NO. | |
| | CASE NO. | 1:18-cv-01556-RM-JPO |

Judgment having been entered in the above-titled action on **January 31, 2024** against **Plaintiff, Jonathan Esparsen,**, the Clerk is requested to tax the following as Costs:

## BILL OF COSTS

| | $ | |
|---|---|---|
| Fees of the Clerk | $ | |
| Fees for service of summons and complaint | $ | |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $ | ~~4,872.16~~ **$4,700.76 Awarded** |
| Fees and disbursements for printing | $ | |
| Fees for witnesses (*itemized on next page*) | $ | |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | $ | 185.35 |
| Docket fees under 28 U.S.C. § 1923 | $ | |
| Costs incident to taking of depositions | $ | |
| Costs as reflected on mandate of Court of Appeals | $ | |
| Other costs (*itemized*) | $ | |

*FILED UNITED STATES DISTRICT COURT DENVER, COLORADO FEB. 21, 2024 JEFFREY P. COLWELL, CLERK*

**Please review and comply with D.C.COLO.LCivR 54.1 as reflected in *Notice* on next page.**

**COSTS TAXED: $4,886.11**

| TOTAL | $ | 5,087.51 |
|---|---|---|

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy hereof was this day mailed with postage fully prepaid thereon to:

Signature of Attorney: *[signature: David P. Williams]*

| Name | David P. Williams | Phone Number | 801-257-1914 |
|---|---|---|---|
| For: | Ridley's Family Markets, Inc. | Date | February 13, 2024 |
| | Name of Claiming Party | | |

### PARTY'S REQUEST FOR HEARING

Following conferral, the parties request that a hearing be scheduled to address costs which remain in dispute. The following dates and times, occurring at least 14 days from today, are mutually agreeable to both parties.

*Weekdays available are **Tuesdays**, **Wednesdays**, and **Thursdays**. Times available are **9:00 am**, **10:00 am**, and **11:00 am**.*

Option #1
Option #2
Option #3

### -- For Clerk's Office use only –

Costs are hereby taxed in the following amount and are to be included in the judgment.

By: **s/Ashley V. Sheehan**
Deputy Clerk

Jeffrey P. Colwell, Clerk of Court
Date: **February 21, 2024**

**FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO FEB. 21, 2024
JEFFREY P. COLWELL, CLERK**

**CLERK'S NOTE: Costs taxed in the amount of $4,886.11.**

AO 133 (Rev. 12/09) Bill of Costs
USDC Colo. version - rev. 2/1/2024

# UNITED STATES DISTRICT COURT

| NAME, CITY, STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total cost for each witness |
|---|---|---|---|---|---|---|---|
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $0.00 |

**Witness Fees**
*See 28 U.S.C. § 1821 for statutory fees and www.gsa.gov for locality per diem rates*

## NOTICE

**Section 1920, Title 28, U.S. Code provides:**

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

See also **Sec. 1924, Verification of bill of costs** [and keep in mind the equivalent effect of declarations under 28 U.S.C. § 1746]:

Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

The **Federal Rules of Civil Procedure** provides as follows regarding costs:

**Rule 54(d)(1)**: "Unless a federal statute, these rules, or a court order provides otherwise, costs - - other than attorney's fees - - should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."

**D.C.COLO.LCivR 54.1 Taxation of Costs**

Each judgment or final order shall indicate any party entitled to costs. Unless otherwise ordered, the clerk shall tax costs in favor of a prevailing party or parties. A bill of costs shall be filed on the form provided by the court within 14 days after entry of the judgment or final order. After filing a bill of costs and prior to appearing before the clerk, counsel and any unrepresented party seeking costs shall file a written statement that they have conferred as to disputes regarding costs. If all disputes are resolved, a stipulation specifying costs shall be filed with the court.

# EXHIBIT A TO BILL OF COSTS

## 1:18-cv-01556-RM-JPO

## Itemization of Costs Requested Pursuant to 28 U.S.C. §1920

**FEES OF THE COURT REPORTER FOR ALL OR ANY PART OF THE TRANSCRIPT NECESSARILY OBTAINED FOR USE IN THE CASE – EXHIBIT 1**

| Date | Vendor/Payee, Description | Amount |
|---|---|---|
| 09/10/18 | Hunter + Geist, Inc. Videotaped deposition and certified transcript of Plaintiff Jonathan Esparsen, taken September 10, 2018. (Deposition testimony used at trial for impeachment purposes, 12/12/2023). Requested as recoverable cost per 28 U.S.C. § 1920(2); *see In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) ("The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts and copies 'necessarily obtained for use in the case.'"); *Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471, 1477 (10th Cir. 1997) (presumption that the costs of videotaping deposition transcripts will be awarded)*; TCR Sports Broad. Holding, LLP v. Cable Audit Assocs., Inc.,* 674 F. App'x 805, 809 (10th Cir. 2017) ("[Defendant] contends that obtaining videotaped depositions and transcripts was duplicative and unnecessary, that the videotaped depositions had no independent use, and that they were not relied on by the district court in granting summary judgment. We have previously rejected such a narrow reading of the deposition expenses authorized under § 1920."); *see also Maiteki v. Marten Transp. Ltd.,* No. 12-CV-2021-WJM-CBS, 2016 WL 3878502, at *7 (D. Colo. July 18, 2016), aff'd, 682 F. App'x 695 (10th Cir. 2017) ("[T]he better practice is to allow the costs of both videotaped and stenographic depositions, absent some good reason not to do so."). <br><br>See Invoice at **EXHIBIT 1-1.** | $2,628.25 <br><br> **COST AWARDED** <br><br> **See Clerk's Note #1** |
| 01/26/2022 | JD Legal Support. Certified Transcript of Deposition of Cameron Harris, taken 1/18/2022 (Deposition testimony cited in Defendants Motion to Decertify 29 U.S.C. § 216(b) | $667.21 <br> **Cost Awarded** |

4867-1122-3715.1

| Date | Vendor/Payee, Description | Amount |
|---|---|---|
| | Collective Action [Dkt. 78]; motion granted 4/13/2022 [Dkt. 81].) Requested as recoverable cost per 28 U.S.C. § 1920(2); *see In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) ("The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts and copies 'necessarily obtained for use in the case.'") *See Invoice at* **EXHIBIT 1-2.** | **See Clerk's Note #2** |
| 01/31/22 | JD Legal Support. Certified Transcript of Deposition of Jenney Moua, taken 1/20/2022 (Deposition testimony cited in Defendants Motion to Decertify 29 U.S.C. § 216(b) Collective Action [Dkt. 78]; motion granted 4/13/2022 [Dkt. 81].) Requested as recoverable cost per 28 U.S.C. § 1920(2); *see In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) ("The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts and copies 'necessarily obtained for use in the case.'") *See Invoice at* **EXHIBIT 1-3.** | $490.30 **Cost Awarded** **See Clerk's Note #2** |
| 01/31/22 | JD Legal Support. Certified Transcript of Depositions of Krestina Coombs, and Casey Jackson, taken 1/26/2022 (Deposition testimony cited in Defendants Motion to Decertify 29 U.S.C. § 216(b) Collective Action [Dkt. 78]; motion granted 4/13/2022 [Dkt. 81].) Requested as recoverable cost per 28 U.S.C. § 1920(2); *see In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) ("The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts and copies 'necessarily obtained for use in the case.'") *See Invoice at* **EXHIBIT 1-4.** | $633.90 **$462.50 Awarded** **See Clerk's Note #3** |
| 02/01/2022 | JD Legal Support. Certified Transcript of Deposition of Destiny Glanz, taken 1/21/2022 (Deposition testimony cited in Defendants Motion to Decertify 29 U.S.C. § 216(b) | $452.50 **Cost Awarded** |

| Date | Vendor/Payee, Description | Amount |
|---|---|---|
| | Collective Action [Dkt. 78]; motion granted 4/13/2022 [Dkt. 81].)<br><br>Requested as recoverable cost per 28 U.S.C. § 1920(2); see *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) ("The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts and copies 'necessarily obtained for use in the case.'")<br><br>*See Invoice at* **EXHIBIT 1-5.** | **See Clerk's Note #2** |
| | TOTAL: | $4,872.16 |

**FEES FOR EXEMPLIFICATION AND COPIES OF PAPERS NECESSARILY OBTAINED FOR USE IN THE CASE – EXHIBIT 2**

| Date | Vendor/Payee | Amount |
|---|---|---|
| 11/09-21/2023 | DTI/Snell & Wilmer. Printing and copying costs for trial exhibit binders per trial court's judicial practice standards, used at trial, 12/12/23.<br><br>Requested as recoverable cost per 28 U.S.C. § 1920(4); see *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) ("The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts and copies 'necessarily obtained for use in the case.'"); *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1259 (10th Cir. 1998) (Use at trial by counsel or the court readily demonstrates necessity).<br><br>*See Summary of billed costs, at* **EXHIBIT 2-1.** | $185.35<br><br>**COST AWARDED**<br><br>**See Clerk's Note #1** |
| | TOTAL: | $185.35 |

| | **REVISED GRAND TOTAL $4,886.11** | GRAND TOTAL: | $5,087.51 |
|---|---|---|---|

**Clerk's Note #1:** In *Plaintiff's Objection to Defendant's Bill of Costs* (ECF 123) at page 7, "Plaintiff does not object to the cost of his own deposition nor to the cost printing and copying for trial." <u>Costs awarded as they are undisputed</u>.

**Clerk's Note #2:** Per *Amended Scheduling Order* (ECF 69), Judge Gallagher Ordered "The Court will allow 5 depositions of Opt-In Plaintiffs of no more than 3 hours each." The depositions of Harris, Coombs, Jackson, Moua and Glantz are cited as exhibits in *Defendant's Motion for Order to Decertify 29 U.S.C. § 216(b) Collective Action* (ECF 78). In *ORDER* (ECF 81), Defendant's Motion to Decertify (ECF No. 78) was GRANTED. Per page 24 of the *Guide to Bills of Costs,* "The 'necessarily obtained for use in the case' standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. Touche Ross, 854 F.2d at 1245 [U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223 (10th Cir. 1988)]. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." Mitchell v. City of Moore, 218 F.3d 1190, 1204 (10th Cir.2000) As these transcripts were used as reasonably necessary to the litigation of the case, COSTS AWARDED. Counsel is reminded of the award of these depositions in <u>this</u> case and to not seek reimbursement in related cases such as 22-cv-01070-PAB-KAS Meats et al. v. Ridley's Family Market, Inc.

**Clerk's Note #3:** Upon consideration and review of *Plaintiff's Objection to Defendant's Bill of Costs,* (ECF 123) the deposition cost for Casey Jackson is not awardable as the deposition was not taken. The cost of $171.40 for fees attached to the Jackson deposition is subtracted from the $633.90, resulting in $462.50 awarded.